STATE ex rel. Dean WILLIAMS, Petitioner,

v.

The Honorable Timothy J. WILSON, sitting in the Circuit Court of the City of St. Louis by Order of the Supreme Court, Respondent.

No. SC 83617.

Supreme Court of Missouri, En Banc.

Jan. 8, 2002.

Michael S. Meyers, Asst. Public Defender, St. Louis, for petitioner.

Wade Thomas, Asst. Prosecuting Atty., St. Louis, for respondent.

WILLIAM RAY PRICE, Jr., Judge.

Dean Williams pled guilty to felony counts of drug possession and trafficking in the second degree. On March 6, 2001, the circuit court for the city of St. Louis entered a judgment and sentence against Williams on both counts. After the sentence was announced, the state sought to set aside Williams' guilty plea because the sentence of the court was not what the state had recommended. The court refused to set aside the sentence at that time, but then issued an order two days later setting aside the judgment and sentence and reassigning Williams' case for trial.

Williams seeks a writ of prohibition to prevent his case from going to trial, argu-

ing that the trial court lost jurisdiction over his case after it entered the judgment and sentence of March 6, 2001. This Court granted a preliminary writ in prohibition on May 30, 2001. We now make that writ absolute.

## I. Facts

On November 18, 1999, Williams was charged in the circuit court of the City of St. Louis with one count each of the felony offenses of trafficking in the second degree and possession of a controlled substance. The indictment also alleged that Williams was a persistent drug offender.

At the time of indictment, Williams was already serving a prison sentence under the long-term drug treatment program authorized by section 217.362, RSMo 2000. The sentence Williams was serving prior to the indictment in this case was the result of a probation revocation that was based, at least in part, on the charges that were the subject of this case.

The case was assigned for trial on March 5, 2001. On that day, Williams' attorney and the prosecutor met in the judge's chambers to discuss the case. During the meeting, the judge was informed that Williams was currently participating in long-term drug treatment and that a plea had been worked out between Williams and the state.

On March 6, 2001, Williams pleaded guilty to each count of the indictment. The state recommended to the court that in exchange for Defendant's plea of guilty, it had agreed to waive proving Williams as a prior and persistent drug offender and asked that Williams be sentenced to ten years on Count I and seven years on Count II to be served concurrently. The state also asked that the court not sentence Williams under either section 217.362, RSMo 2000, or section 559.155,

RSMo 2000. As part of the deal, Williams did not ask the court for probation.

Prior to accepting Williams' plea, the court discussed the plea agreement with him as follows:

*Court:* Now you understand, sir, I've made you no promises concerning what sentences I'll impose or probation?

*Williams:* Yes, ma'am.

*Court:* And do you also understand I have not given anyone permission to make any promises to you on my behalf?

*Williams:* Yes, ma'am.

*Court:* And do you also understand the State's recommendations are merely that? They're recommendations and they're not binding on this [c]ourt?

*Williams:* Yes, ma'am.

The court accepted the pleas, then inquired if Williams or the state had any objection to a sentence being imposed. Neither did. The court imposed sentences of ten years and seven years to run concurrently on the two counts, but also ordered that the sentences be served "pursuant to the provisions of long-term drug treatment and . . . . concurrently with sentences previously imposed. . . . . ."

The state immediately moved to set aside Williams' plea on the grounds that it made a material reliance that Williams would be sentenced to ten years straight time in exchange for waiving prior and persistent drug offender status. The court noted that it had the discretion to sentence Williams and that the state's recommendation could not take that away. The state then sought to prove Williams' prior offender status, but was not permitted to do so by the court. After lengthy discussion, the court stated, "I am not setting the plea aside. This matter is over."

On March 8, 2001, the court issued, sua sponte, an order setting aside its sentence and judgment order of March 6, 2001.

The court then ordered the case transferred back to the criminal court for further proceedings. Williams sought a writ of prohibition in the court of appeals, but was denied. Williams' cause was subsequently transferred for trial before Judge Wilson. This Court issued a preliminary writ in prohibition on May 30, 2001.

## II. Discussion

■ The trial court entered judgment and sentence against Williams on March 6, 2001. Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction and can take no further action except when otherwise expressly authorized by statute or rule. *Simmons v. White,* 866 S.W.2d 443, 445 (Mo.banc 1993); *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 694–95 (Mo.banc 1979).

■ The state makes two arguments that the trial court maintained jurisdiction to set aside its judgment and sentence. First, the state contends that the trial court did not enter its sentence in accordance with the law. Thus, the judgment was not final and did not exhaust the jurisdiction of the court.

Rule 24.02(d)(4) outlines the process the trial court is to follow when rejecting a proposed plea agreement. It provides that:

If the court rejects the plea agreement, the court shall, on the record, *inform the parties of this fact,* advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Rule 24.02(d)(4) (emphasis added). The state contends that the trial court rejected the plea bargain agreed to and did not inform the parties on the record that the agreement was being rejected, thus making the judgment and sentence void.

■ The record here simply does not support the state's argument. Although the state indicated that it wanted Williams sentenced to a conventional ten year sentence without probation and not subject to section 217.362, the court made clear that it had made no promises and that the state's recommendations were not binding. Although these statements were made in the form of questions to Williams, they were equally applicable to the state. A plea hearing is not a one-way street. If the court indicates, as here, that it will enter a sentence in its own discretion, the sentence may be harsher or more lenient than the defendant or the state may wish. It is the function of the court, not the parties, to enter sentence. The trial court did not violate Rule 24.02.[1]

Next, the state contends that Rule 29.07(d) provides the trial court with express authorization to set aside its judgment and sentence in this case even if the judgment was final. Rule 29.07(d) is titled "Withdrawal of Plea of Guilty" and provides that:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Rule 29.07(d). The state argues that the failure by the trial court to follow Rule 24.02(d)(4) created a "manifest injustice"

against the state, thus giving the trial court the power to set aside its judgment and sentence.

We do not address whether Rule 29.07(d) allows the state to seek the withdrawal of a defendant's plea. By its plain terms, the rule protects a defendant from the potential hardship of an uninformed guilty plea. The state does not cite, nor have we been able to find, any Missouri case interpreting Rule 29.07(d) to allow the state or the court to set aside a final judgment and sentence, based on an informed and voluntary guilty plea, that was within the jurisdiction of the trial court. *See Winford v. State,* 485 S.W.2d 43, 49 (Mo. banc 1972) (if a plea of guilty was voluntary and was made with an understanding of the charges, there can be no manifest injustice inherent in the plea).

■ There is no manifest injustice here. The court clearly indicated that it would not be bound by the state's recommendations and when asked if it was ready to proceed to sentencing after the guilty plea was accepted, the state indicated that it was. Having accepted Williams' guilty plea and entered its sentence and judgment, the jurisdiction of the trial court was exhausted.

### III. Conclusion

The preliminary writ in prohibition is made absolute. The court is prohibited from taking further action against Williams because the court lacks jurisdiction over Williams concerning the previously adjudicated charges.

All concur.

---

**1.** Because Rule 24.02 was not violated, we do not address whether it provides any right or possible relief to the state.