**STATE of Missouri ex rel. Jason GOLDESBERRY, Relator,**

v.

**Honorable Ronald E. TAYLOR, Respondent.**

**No. WD 67650.**

Missouri Court of Appeals,
Western District.

Oct. 2, 2007.

1. All rule references are to Mo. R.Crim. P.2006, unless otherwise indicated.

Michelle D. Carpenter, Esq., St. Joseph, Mo, for Relator.

Kristina S. Drake, Esq., St. Joseph, MO, for Respondent.

Before LOWENSTEIN, P.J., BRECKENRIDGE and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

### Factual Background:

Jason Goldesberry, relator, was charged with two driving violations stemming from an automobile collision that caused several thousand dollars in medical bills and property damage to the other party involved in the accident. The two counts were misdemeanor charges for operating a vehicle in a careless and imprudent manner and operating a motor vehicle without maintaining financial responsibility. On August 28, 2006, Goldesberry appeared *pro se* at his scheduled arraignment. The prosecutor was not in the courtroom at the time of this arraignment, and, therefore, did not inform the victim of the collision of the right to be present at such proceedings. Goldesberry pled guilty to both counts at the arraignment. The circuit court accepted the pleas. On that same day, the court sentenced Goldesberry to fines totaling $267.50. Points were accessed to Goldesberry by the Department of Motor Vehicles based on the August 28th sentences.

On August 29th, the prosecutor became aware that guilty pleas had been accepted by the court with regard to the Goldesberry charges. The State filed a motion to set aside the judgment and sentence (based on Rule 29.07(d), *infra*) on the grounds that the victim had not been given the opportunity to be heard at the proceeding (based on article 1, section 32, Mo. Const., *infra*). This motion was granted by the court and a new hearing date was set for September 14th. Goldesberry did not appear at that hearing. When he presented himself before the court on September 20th, the court ordered him into custody and he was jailed for two days. On October 4th, the court set aside Goldesberry's guilty pleas and placed the case back on the docket under a new case number. Goldesberry was re-arraigned. The court agreed to accept his guilty pleas for the second time, contingent upon the outcome of this writ decision.

Goldesberry seeks relief from the current proceedings of the circuit court via this writ of prohibition to prevent the circuit court from setting aside the original finding of guilt and the accompanying sentence and from holding him for trial a

second time. This court issued a preliminary writ. Relator Goldesberry argues that (1) the circuit court, having rendered a final judgment in the case, retained no jurisdiction over the matter by which it could set aside the judgment and (2) that the second trial is barred by double jeopardy because jeopardy attached upon sentencing for the offenses and there was no "manifest necessity" for the judge to set aside the original sentence. The first point is dispositive.

## DISCUSSION:

■■■ "A writ of prohibition is appropriate ... to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional power...." *Pub. Water Supply Dist. No. 14 of Jackson County v. Scoville,* 221 S.W.3d 493, 494 (Mo.App. 2007). (quoting, *State ex rel. Lebanon Sch. Dist., R-III v. Winfrey,* 183 S.W.3d 232, 234 (Mo. banc 2006)). Relator argues that the judge exceeded his jurisdiction when he set aside a judgment entered after acceptance of Relator's guilty pleas and the subsequent sentence on the motion of the prosecutor pursuant to Rule 29.07(d). This court agrees and makes the writ absolute.

■■ The Supreme Court of Missouri has "held that once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993). The trial court can take no further action in that case except where jurisdiction is expressly provided by statute or rule. *Id.* The parties agree that, absent an applicable statute or rule, the sentences entered in the form of fines by the circuit court concluded its jurisdiction. The disagreement arises due to Respondent's reading of Rule 29.07(d) to provide the circuit court with jurisdiction under these facts.

Rule 29.07(d) is entitled "Withdrawal of Guilty Plea" and reads:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Respondent focuses on the phrase "manifest injustice" from Rule 29.07(d) and argues that a defendant need not be the party subjected to the required injustice and, therefore, need not be the instigator of the setting aside of the judgment and sentence rendered after the defendant's guilty plea. Instead, Respondent would have this court find that a violation of a crime victim's right to be present at court proceedings can provide the manifest injustice necessary to validate a trial court in setting aside a conviction. To promote this conclusion, Respondent proffers article I, section 32 of the Missouri Constitution and section 595.209.5, RSMo. Article I, section 32 provides rights to the victims of crimes, including the right to "be present at all criminal justice proceedings at which the defendant has such right" and the right "[u]pon request of the victim ... to be informed of and heard at guilty pleas." Mo. CONST. art. I, § 32. Section 595.209, which was enacted pursuant to the authority granted to the general assembly under article I, section 32, further specifies the rights of victims and states in subsection five, "The rights of the victims granted in this section are absolute and the policy of this state is that the victim's rights are paramount to the defendant's rights." § 595.209.5, RSMo 2000; *See* Mo. CONST. art. I, § 32.

Although Missouri courts have not decided whether Rule 29.07(d) allows the state to unilaterally move for withdrawal of a defendant's plea, the rule is typically envisioned as a mechanism providing relief for the defendant, and not the state. *See, e.g., State ex rel. Williams v. Wilson,* 63 S.W.3d 650, 653 (Mo. banc 2002); *State v. Sayre,* 420 S.W.2d 303, 304 (Mo.1967) (analyzing Rule 27.25, the verbatim precursor to Rule 29.07(d)). The Supreme Court has stated, "By its plain terms, the rule protects a defendant from the potential hardship of an uninformed guilty plea." *State ex rel. Williams,* 63 S.W.3d at 653. In a case dealing with the prior codification of the same rule, the Court explained that "[i]f it be found … that the plea of guilty was in fact voluntary and was made with an understanding of the nature of the charge, then no manifest injustice could have resulted." *Sayre,* 420 S.W.2d at 303. Against this background, it is apparent that Rule 29.07(d) was intended to operate for the protection of defendants and that the "manifest injustice" considered in the calculus is with regard to the defendant's rights.

This court does not need to decide the broader question of whether Rule 29.07(d) can be used to set aside a guilty plea on the motion of the court or prosecution, because the Missouri Constitution provides guiding language with regard to the interrelation of victims' rights provisions and 29.07(d). Article I, section 32.4 directs, "Nothing in this section shall be construed to authorize a court to set aside or to void a finding of guilt, or an acceptance of a plea of guilty in any criminal case." Mo. CONST. art. I, § 32.4. Here, it is clearly stated that, whatever special accommodations may be afforded to victims under the victims' rights provisions, such provisions contain no authorization for a court to set aside a guilty plea. Since the function of Rule 29.07(d) is to authorize the trial court to set aside a guilty plea, it follows that the victims' rights provisions cannot constitute a basis for invoking that rule. Because Rule 29.07(d) provides no jurisdiction in this case for the actions taken by the circuit court after Goldesberry was sentenced, Respondent exceeded his jurisdiction in setting aside the guilty pleas and sentence. For this reason, this court finds that the initial guilty pleas and sentence stand intact and that all subsequent proceedings are void.

### CONCLUSION:

The preliminary writ of prohibition is hereby made absolute. The circuit court is prohibited from taking further action against Goldesberry with regard to the already adjudicated charges because it lacks jurisdiction to do so. All actions of the circuit court following the initial judgment and sentence are held for naught.

All concur.