**STATE of Missouri ex rel. Darrell L. MOORE, Relator,**

v.

**The Honorable Jason BROWN, Respondent.**

**No. SD 29089.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 19, 2008.

---

T. Todd Myers, Springfield, MO, for relator.

Thomas D. Carver, Springfield, MO, for respondent.

### ORIGINAL PROCEEDING IN PROHIBITION

NANCY STEFFEN RAHMEYER, Judge.

Kimberlea M. Kasper ("Defendant") was charged with one count of assault in the third degree, a violation of section 565.070.

On December 17, 2007, she entered an *Alford* plea[1] of guilty before the Honorable Jason Brown ("the court") and was sentenced the same day. Among other provisions, the court sentenced her to sixty days in the Greene County Jail, the execution of which was suspended.

On December 27, 2007, Defendant filed a Motion to Set Aside Plea [sic] An Alford Plea of Guilty and/or, in the Alternative, Motion for Re-sentencing. A hearing was held on the motion on April 4, 2008; however, at the beginning of the hearing, Defendant's attorney stated he would not pursue the motion to set aside Defendant's guilty plea. The court clarified that Defendant was only proceeding on the alternative motion for re-sentencing, which had alleged that re-sentencing was proper because a manifest injustice occurred. Although the State objected, the court entered on April 7, 2008, an "Amended Judgment," which included several changes to Defendant's sentence, including the conversion of a sixty-day suspended execution of sentence to a two-year suspended imposition of sentence. The State sought a writ of mandamus prohibiting the court from setting aside the original sentence it imposed on the basis that the court had no authority to set aside the sentence. We granted a preliminary order in mandamus and now make the order absolute.

The court re-sentenced Defendant pursuant to Rule 29.07(d), which it claims gave it the inherent authority to re-sentence Defendant. We disagree. Rule 29.07(d) provides,

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence

---

1. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (holding that a defendant could choose to plead guilty, although not admitting actual guilt, when the record strongly supports a finding of guilt).

is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Rule 29.07(d) does authorize the trial court to set aside a judgment and permit a defendant to withdraw his guilty plea, but at no time during this hearing did Defendant withdraw her guilty plea. In fact, Defendant expressly chose not to pursue her motion to withdraw her guilty plea. Because Defendant did not pursue a withdrawal of her guilty plea, Rule 29.07(d) does not apply and did not grant the court the authority to re-sentence Defendant to correct a manifest injustice.

■ The judgment in a criminal prosecution becomes final when the trial court enters a sentence. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 (Mo. banc 1979). Entry occurs when a written record is made. *State v. White*, 646 S.W.2d 804, 809 (Mo.App. W.D.1982). Once a trial court enters a sentence consistent with the law, the trial court exhausts its authority. *State ex rel. Goldesberry v. Taylor*, 233 S.W.3d 796, 798 (Mo.App. W.D.2007). The trial court cannot take further action in that case unless a statute or rule provides the court with authority to do so. *Id.*

■ Rule 29.13(a) only provides a trial court with thirty days after the entry of a judgment to set aside the judgment and only upon specific grounds:

Within thirty days after the entry of the judgment and prior to the filing of the transcript of the record in the appellate court, the court may of its own initiative or on motion of a defendant arrest or set aside a judgment upon either of the following grounds: (1) that the facts stated in the indictment or information do not constitute an offense; or (2) that the court is without jurisdiction of the

offense charged. The court shall specify of record the grounds upon which the order is entered.

In the present case, Defendant's sentence is recorded in a docket entry dated December 17, 2007. Defendant was re-sentenced on April 7, 2008, well after the expiration of the thirty days that Rule 29.13(a) provides for a trial court to modify a sentence. Rule 29.13(a), therefore, did not grant the court authority to re-sentence Defendant.

Furthermore, even if the re-sentencing had occurred within thirty days, neither ground enumerated in Rule 29.13(a) for setting aside a judgment was alleged by Defendant or the court. Although there was evidence presented at the re-sentencing hearing that was not presented at the original sentencing, a claim of newly discovered evidence is not one of the grounds upon which Rule 29.13(a) allows a judgment to be set aside. *State v. Magee*, 911 S.W.2d 307, 311 (Mo.App. W.D.1995).

No statute or rule provided the court with the authority to re-sentence Defendant. Because the court exceeded its judicial authority, a writ is the appropriate remedy. *State ex rel. Missouri Department of Social Services v. Kramer*, 215 S.W.3d 739, 740 (Mo.App. E.D.2007). We make our preliminary order absolute.

PARRISH, J., BURRELL, P.J., concur.