**Edward MACKLEY, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 94027.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 22, 2011.

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

Alexandra Johnson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

## Introduction

Movant, Edward Mackley, appeals from the denial of his Rule 24.035 motion after an evidentiary hearing. We vacate the motion court's judgment and remand the cause with directions to dismiss movant's motion because movant failed to timely file his *pro se* motion.

## Background

As part of a plea agreement, movant pled guilty to two counts of felony resisting arrest. At the plea hearing, the court found that movant's pleas were voluntarily made and accepted the pleas. The court sentenced movant to four years' imprisonment for each count of felony resisting arrest, to be served concurrently with each other and concurrent with any other sentence movant was then obligated to serve in the Department of Corrections. During the subsequent Rule 29.07 examination, movant acknowledged that his counsel did not make any threats or promises to induce him to enter his guilty pleas.

Movant filed a *pro se* Rule 24.035 motion. The motion court appointed counsel and an amended motion was filed. The motion court held an evidentiary hearing. Thereafter, the motion court issued findings of facts and conclusions of law and denied movant's motion. Movant appeals.

## Discussion

Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008).

Movant argues in his sole point on appeal that his plea counsel rendered ineffective assistance by misinforming him re-

garding his jail time credit. In response, the State first argues that movant failed to timely file his *pro se* Rule 24.035 motion.

 Rule 24.035(b) provides that if a person does not appeal the "judgment" entered for a guilty plea to a felony, as in the present case, then "the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b) further states that, "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." When a motion under Rule 24.035, "is filed outside the time limits, the motion court is compelled to dismiss it." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Id.*

On August 15, 2008, movant pled guilty and the court pronounced sentence. On August 25, 2008, the court entered a written judgment and sentence.[1] Movant's *pro se* motion was filed on February 25, 2009.

 Movant's *pro se* and amended motions both assert that movant was delivered to the Department of Corrections on August 15, 2008. To challenge a felony conviction or sentence under Rule 24.035, the movant must be physically delivered to the custody of the Department of Corrections **for the same conviction being contested.** *Searcy v. State*, 103 S.W.3d 201, 204 (Mo.App. W.D.2003)(emphasis added). The judgment in a criminal case becomes final when the trial court enters a sentence. *State ex rel. Moore v. Brown*, 270

S.W.3d 447, 449 (Mo.App. S.D.2008); *State v. Romeiser*, 46 S.W.3d 656, 657 (Mo.App. W.D.2001); *see* Rule 29.07(c). "Entry occurs when a written record is made." *State ex rel. Moore*, 270 S.W.3d at 449. The date of movant's written judgment and sentence, August 25, 2008, is the earliest that movant could be delivered to the Department of Corrections for purposes of challenging his felony resisting arrest conviction.

One hundred eighty days from August 25, 2008 was Saturday, February 21, 2009. Pursuant to Rule 44.01(a), movant's *pro se* motion was therefore due on Monday, February 23, 2009. *Alexander v. State*, 924 S.W.2d 322, 323 (Mo.App. E.D.1996). Movant's *pro se* motion filed on February 25, 2009 was untimely. Rule 24.035(b). Accordingly, movant waived his right to proceed with his Rule 24.035 motion and the motion must be dismissed. *Id.*; *Gehrke*, 280 S.W.3d at 57. The fact that the State apparently did not raise the issue below or that the motion court addressed the merits of movant's motion does not require a different result. *Swofford v. State*, 323 S.W.3d 60, 62–64 (Mo.App. E.D. 2010).

### Conclusion

The motion court's judgment is vacated and the cause is remanded with directions to dismiss movant's Rule 24.035 motion.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.

---

1. The written judgment and sentence for only one count of felony resisting arrest is part of the record on appeal.