

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI ex rel.       )
CRYSTAL BOLLINGER,              )
                               )
        Relator,               )
                               )
vs.                            )    No. SD34473
                               )
THE HONORABLE                  )    FILED: November 15, 2016
SCOTT L. BERNSTEIN,            )
                               )
        Respondent.            )

## PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT

We consider whether the trial court, *sua sponte* and without stating grounds, could set aside a judgment and sentence rendered after Crystal Bollinger's voluntary guilty plea.

### Background[1]

Bollinger was cited for careless and imprudent driving involving an accident, a class A misdemeanor (§ 304.012). That ticket was received by and filed with the court. Bollinger was arraigned, entered a guilty plea that was accepted, was sentenced to pay

---

[1] The pertinent facts are not in dispute. Statutory citations herein are to RSMo 2000 as amended through 2013; rule references are to Supreme Court Rules (2013).

a fine and costs, and a written record was made of the judgment and sentence. She set up a payment plan and a traffic disposition record was sent to the Department of Revenue and to the Highway Patrol.

Later that day, by order on its own motion and without stating grounds, the court set aside the guilty plea and sentence, directing Bollinger to appear for further proceedings.

Sixteen months later, in denying Bollinger's motion to reinstate the plea and sentence, the court first suggested of record any reasons for its prior actions:

> Court finds no prejudice to defendant in the "same day" 9/19/14 set aside of the guilty plea. Specifically, defendant has not paid the fine. In addition, the State had not filed an Information and therefore there was no jurisdiction for the plea, and the plea was not on the record as required by case law.

Bollinger petitioned this court for a writ of prohibition. We issued a preliminary writ and directed Respondent to answer. Respondent admitted all of the writ petition's factual and procedural allegations.

## Legal Principles

"The judgment in a criminal prosecution becomes final when the trial court enters a sentence. Entry occurs when a written record is made. Once a trial court enters a sentence consistent with the law, the trial court exhausts its authority." ***State ex rel. Moore v. Brown***, 270 S.W.3d 447, 449 (Mo.App. 2008) (citations omitted). "The trial court cannot take further action in that case unless a statute or rule provides the court with authority to do so." ***Id***.

Rule 29.13(a) allows a criminal judgment to be set aside within 30 days of entry if the court "specif[ies] of record" that *either* the facts stated in the indictment or

2

information did not constitute an offense *or* the court lacked jurisdiction of the offense charged. Respondent waited 16 months to suggest of record the latter of these, then abandoned that theory in its answer to Bollinger's writ petition.[2]

Respondent has chosen not to file a brief, which leaves us to weigh Bollinger's arguments without benefit of counter-argument. ***State ex rel. Old Dominion Freight Line, Inc. v. Dally***, 369 S.W.3d 773, 776 n.4 (Mo.App. 2012).[3] As in ***Old Dominion***, we have only Respondent's answer to the writ petition, which asserts only that Bollinger has a remedy by appeal if she is tried and convicted, but wholly fails to address by what authority Respondent might conduct a trial or resentence Bollinger.

## Conclusion

"Because the court exceeded its judicial authority, a writ is the appropriate remedy." ***Moore***, 270 S.W.3d at 449. We make absolute our preliminary writ, prohibit Respondent from further action regarding the already-adjudicated charge, and hold for naught Respondent's actions following the initial judgment and sentence.

DANIEL E. SCOTT, J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS

---

[2] Rule 29.07(d) authorizes a trial court to set aside a judgment upon the defendant's motion, ***Moore***, 270 S.W.3d at 449, and plainly does not apply here.

[3] Full briefing is "encouraged in order to give all parties the opportunity to aid the court in reaching a proper decision." ***State ex rel. Neal v. Karl***, 627 S.W.2d 913, 914 (Mo.App. 1982). *See also **In re A.T.H.***, 37 S.W.3d 423, 425 n.1 (Mo.App. 2001) (a respondent's failure to file a brief is an imposition on the court and leaves us dependent upon the opponent's presentation and our own research).