**STATE of Missouri, Respondent,**

v.

**Thomas E. DUDLEY, Appellant.**

**Thomas E. DUDLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 63761, 65045.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1994.

Tamara L. Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his convictions for sodomy in violation in § 566.060, RSMo Supp.1993, and sexual abuse in the first degree in violation of § 566.100, RSMo Supp. 1993. He also appeals the denial of his Rule 29.15 motion for post-conviction relief. We affirm.

On July 7, 1992, the grand jury of the City of St. Louis indicted Defendant for felony sodomy and sexual abuse in the first degree. In Count I of sodomy, Defendant was charged with having deviate sexual intercourse with the daughter of his live-in girlfriend (Victim), to whom he was not married and who was then less than fourteen-years-old. In Count II of first degree sexual abuse, Defendant was charged with subjecting Victim, a person less than twelve-years-old, to sexual contact. The events were alleged to have occurred between January 1, 1992 and June 16, 1992. This indictment was later amended by substitute information on February 8, 1993, to charge Defendant as a prior and persistent offender.

At Defendant's trial, Victim, who was ten-years-old at the time of trial, testified she lived with her mother and Defendant in the Spring of 1992. At that time she was in the third grade. She testified that in the Spring of 1992 Defendant touched her "private" with his hand a few times and licked her "private" once. She also stated Defendant made her put her mouth on his penis one or two times and frequently made her rub lotion on his penis until it was gone and something came out of his penis. She said these events occurred when Defendant was drunk and while her mom was at work or asleep. She further maintained she had been molested for two years.

On June 16, 1992, Victim informed her mother of the abuse. Her mother immediately called a friend, Tom Schuler, who came to the apartment to remove them. At that time, Victim told Schuler that Defendant had fondled her, put his tongue in her "private" area, and made her put her mouth on his penis. The next day, Victim's mother and stepmother questioned Victim about the abuse. At that time, Victim told them De-

fendant had touched her "privates," put his tongue on her "privates," and then forced her to stroke his penis with her lotioned hand. Victim's mother took her to Cardinal Glennon Hospital. At the hospital, Victim repeated the above information to a police officer and her doctor, Dr. Brenda Camacho. Dr. Camacho further examined Victim and found a superficial tear in Victim's vagina, a finding consistent with sexual abuse.

The court instructed the jury to find Defendant guilty of sodomy if, *inter alia*, it found he had placed his tongue in Victim's vagina, and to find him guilty of first degree sexual abuse if, *inter alia*, it found Defendant had touched the genitals of Victim. The jury convicted Defendant of both counts. The trial court sentenced Defendant as a prior and persistent offender to concurrent terms of twenty years' imprisonment for sodomy and five years' imprisonment for first degree sexual abuse. Defendant later filed a Rule 29.15 motion, which was denied by the motion court.

In his first point, Defendant contends the trial court plainly erred in allowing Victim to testify about prior uncharged acts of sexual misconduct of Defendant with Victim. He maintains the error was further compounded by the testimony of Victim's mother, Victim's stepmother, the investigating police officer, Dr. Brenda Camacho and Tom Schuler, who repeated Victim's statements to them about other acts of sexual misconduct. These prior acts of sexual misconduct with Victim are Victim's contention Defendant made her lick his penis and rub it with lotion.

Plain errors affecting substantial rights may be considered in the discretion of this court whenever we find manifest injustice or miscarriage of justice will result. Rule 29.-12(b); Rule 30.20.

■ Evidence of prior uncharged misconduct is generally not admissible to show propensity to commit such misconduct. *State v. Vowell*, 863 S.W.2d 954, 955[1] (Mo.App. 1993). However, such evidence is admissible to prove: (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan, or (5) identity of the person charged. *State v. Bernard*, 849 S.W.2d 10, 13[4] (Mo. banc 1993).

Defendant relies upon *Bernard*, 849 S.W.2d at 10, where four witnesses other than the victim were allowed to testify regarding Bernard's prior sexual abuse for which Bernard was never charged. The Supreme Court overturned cases which had significantly expanded the scope of the common scheme or plan exception to include a defendant's sexual misconduct with those other than the victim to show the defendant's common scheme or plan to sexually abuse children within his custody and control. *Id.* at 15. The Court found this expansion to allow "admission of prior sexual misconduct of the defendant with persons other than the victim" to be a distortion of the exception as traditionally allowed. *Id.* at 16. However, the Court stated such evidence of prior sexual misconduct with persons other than the victim could be admitted under a new exception which they labeled the "signature *modus operandi*/corroboration" exception. *Id.* at 17. The Court then went on to expound on that new exception and apply it to Bernard's situation.

■ Defendant appears to contend the evidence of prior sexual misconduct with Victim does not fall within the signature *modus operandi*/corroboration exception and, thus, should have been excluded. We disagree with Defendant's contention. First, the exception created in *Bernard* applies only to uncharged conduct involving persons other than the victim at a different and unrelated time and place. *State v. Conley*, 873 S.W.2d 233, 235 (Mo. banc 1994). In *Conley*, the Supreme Court clarified its holding in *Bernard* as follows:

What *Bernard* attempted to make clear was that where the uncharged offenses or conduct involved different victims at a different and unrelated time and place, the traditional common scheme or plan exception would not apply. However, the Court in *Bernard* went on to recognize a related exception known as the 'signature *modus operandi*/corroboration exception.'

*Id.* Indeed, the language of *Bernard* indicates it does not apply when the alleged acts of prior sexual misconduct are against the victim in question. *See, Bernard*, 849 S.W.2d

at 15 ("defendant's sexual misconduct with those other than the victim"); *Id.* at 13 ("evidence of the defendant's prior sexual abuse of minors other than the victim"); *Id.* at 16 ("prior sexual abuse by the defendant of children other than the victim" and "admission of prior sexual misconduct of the defendant with persons other than the victim"). Therefore, we find *Bernard* left intact the law regarding admission of prior uncharged sexual misconduct with the same victim. *See, State v. Williams,* 865 S.W.2d 794, 802–04 (Mo.App.1993) (court refused to apply *Bernard* to case dealing with prior misconduct of defendant directed to the victim of the offense on trial); *Cf. State v. Mayes,* 868 S.W.2d 541, 546[14] (Mo.App.1993) (lists *Bernard* exception as a sixth exception in addition to the five prior ones); *State v. Poe,* 857 S.W.2d 419, 422 (Mo.App.1993) ("*Bernard* leaves intact the exception of motive").

■ Defendant further insists the evidence should have been excluded because it does not fall within the traditional common scheme or plan exception as re-adopted by *Bernard.* Contrary to Defendant's assertions, the law is not limited to determining whether the acts in question fall within the common scheme or plan exception. Rather, our courts have consistently recognized that prior uncharged acts of sexual misconduct between the defendant and victim indicate the defendant's sexual desire for that particular victim and tend to establish the defendant's *motive* for committing the charged crimes, i.e., satisfaction of sexual desire for the victim. *State v. Graham,* 641 S.W.2d 102, 105[4] (Mo. banc 1982); *State v. Barnard,* 820 S.W.2d 674, 678[5] (Mo.App.1991); *State v. Douglas,* 797 S.W.2d 532, 533[2] (Mo. App.1990); *State v. Gunter,* 715 S.W.2d 576, 578[4] (Mo.App.1986). Nothing in *Bernard* indicates this is no longer the law. Therefore, we find the prior acts of sexual misconduct between Defendant and Victim were admissible to show Defendant's motive for committing the crimes charged. We find no plain error. Point denied.

In Point II, Defendant claims the trial court erred in submitting to the jury the instruction defining "reasonable doubt" because it unconstitutionally lowers the degree of doubt required for acquittal. We deny this point pursuant to Supreme Court mandate. *State v. Shurn,* 866 S.W.2d 447, 462[42] (Mo. banc 1993); *State v. Griffin,* 848 S.W.2d 464, 469[8] (Mo. banc 1993).

Judgments affirmed.

CRANDALL, P.J., and REINHARD, J., concur.