STATE of Missouri, Respondent,

v.

James RICHARDSON, Appellant.

Nos. WD 49349, WD 50845.

Missouri Court of Appeals, Western District.

Jan. 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1996.

Application to Transfer Denied April 23, 1996.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The defendant, James Richardson, was convicted, by a jury, of four counts of forcible rape, § 566.030, RSMo 1994, and one count

of forcible sodomy, § 566.060, RSMo 1994. The court sentenced him as a prior and persistent offender to five terms of life imprisonment. Two of these terms run consecutively, while the remaining terms run concurrently. The defendant appeals from his conviction and the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

The defendant does not challenge the sufficiency of evidence. The record shows that the victim moved in with her father, the defendant, in 1991. Shortly thereafter the defendant began sodomizing her and forcing her to engage in sexual intercourse. This continued for nearly two years before the victim finally told her mother about the abuse. The victim was then examined by Linda Hancik, a nurse practitioner, who found, during a sexual assault forensic examination (SAFE examination)[1], that the victim had no hymen and had contracted a sexually transmitted disease. The victim was interviewed by Ms. Hancik and a detective, Officer Stolz, concerning the alleged sexual abuse.

In his first point, the defendant contends that the motion court erred in denying his Rule 29.15 motion for post-conviction relief, alleging that his trial counsel had been ineffective in that he both failed to object to and purposely elicited evidence of other crimes. Specifically, the defendant alleges that counsel failed to object to evidence of uncharged crimes committed by the defendant against the victim through the victim's testimony, the testimony of Ms. Hancik, and the SAFE examination report prepared by Ms. Hancik. He further contends that counsel elicited evidence of uncharged crimes committed by the defendant against both the victim and others through the victim's testimony and defense exhibit 21, consisting of Officer Stolz' report regarding her interview with the victim.

■ The motion court found that the record refuted the defendant's contention that counsel failed to object to evidence of other crimes involving the defendant and the victim contained in the victim's testimony. In fact, counsel expressly objected to any testimony by the victim involving dates not included in the four rape counts, which the trial court overruled. We agree with the motion court's finding that counsel was not ineffective because he did object to this testimony.

■ The defendant is also not entitled to relief with regard to counsel's failure to object to any of the evidence of uncharged crimes involving the defendant and the victim from the testimony of Ms. Hancik and the SAFE exam report.

■ The defendant relies on *State v. Bernard*, 849 S.W.2d 10 (Mo. banc 1993), for the proposition that evidence of the defendant's prior sexual misconduct towards the victim is inadmissible because the uncharged conduct was not so nearly identical to the charged conduct and so unusual and distinctive as to be a signature of the defendant's *modus operandi*. However, the defendant's reliance is misplaced. *Bernard* adopted the signature *modus operandi*/corroboration exception with respect to evidence of uncharged offenses involving a defendant and different victims. *See State v. Conley*, 873 S.W.2d 233, 236 (Mo. banc 1994); *State v. Dudley*, 880 S.W.2d 580, 582–83 (Mo.App.1994). Thus, *Bernard* did not change the law concerning evidence of prior uncharged sexual misconduct between a defendant and the same victim. *Dudley*, 880 S.W.2d at 583.

■ As to evidence of uncharged misconduct involving the victim, the general rule remains that evidence of uncharged criminal acts by the accused is inadmissible to demonstrate the likelihood that the accused committed the crimes for which he is presently charged. *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994). Such evidence is admissible to establish motive, intent, absence of mistake or accident, or a common scheme or plan. *Id.* Additionally, such evidence is admissible to present a complete and coherent picture of the events that transpired. *Id.*

---

**1.** During a SAFE examination, a trained professional interviews the alleged sexually abused child. Following the interview, the child is given a general physical examination, a genital examination, and cultures for sexually transmitted diseases. Specific forms are provided by the State of Missouri to guide the professional through the examination.

■ Here, the evidence of the defendant's prior sexual misconduct towards the victim was admissible to establish his motive for committing the charged crimes.[2] *State v. Magouirk,* 890 S.W.2d 17, 17 (Mo.App.1994); *Dudley,* 880 S.W.2d at 583. In addition to demonstrating the defendant's desire for sexual gratification, the misconduct also explained the victim's fear and provided context for the charged offenses. Because this evidence was admissible, and counsel cannot be found ineffective for failing to make meritless objections, the motion court correctly denied the defendant's Rule 29.15 motion. *See Finley v. State,* 891 S.W.2d 507, 509 (Mo.App. 1994).

■ At trial, counsel also elicited, through the victim's testimony and defense exhibit 21, evidence of uncharged crimes committed by the defendant against the victim's sisters. Specifically, counsel elicited from the victim's testimony that the defendant had told her that he had sexual intercourse with her sisters. Counsel also offered exhibit 21, a police report by Officer Stolz, which contained the victim's statement that the defendant had sex with his other daughters.

The defendant contends that the motion court clearly erred in finding that counsel had a reasonable trial strategy for admitting this evidence and for eliciting further evidence of sexual misconduct towards the victim through her testimony. However, a significant part of defense strategy was to undermine the credibility of the victim by portraying her as a manipulative liar. Counsel first presented the victim's statements that the defendant had sex with his other daughters. He then called one of the defendant's daughters to the stand who emphatically denied that any such behavior had ever occurred between the defendant and any of the daughters. She also testified that the victim was a notorious liar. To further undermine the victim's credibility counsel admitted exhibit 21, which contained a statement by the victim's mother that she did not believe her daughter's allegations. We cannot say that the motion court clearly erred in finding that this strategy was reasonable. Point one is denied.

■ In his second point, the defendant asserts that the motion court erred in denying his Rule 29.15 motion for post-conviction relief, in which he alleged ineffective assistance of counsel in that counsel failed to object to hearsay statements in Ms. Hancik's testimony and in the SAFE exam report. The defendant further alleges that his counsel was ineffective in that he offered exhibit 21, which contained hearsay statements. The motion court rejected this argument on the basis that the defendant merely alleged in his motion that the evidence and testimony constituted inadmissible hearsay without indicating counsel's performance in this regard was so deficient as to influence the trial's outcome.

We cannot find this conclusion to be clearly erroneous given that the defendant failed to provide any authority to support his proposition that failing to object to or eliciting hearsay evidence constitutes ineffective assistance of counsel. Furthermore, counsel used these alleged hearsay statements in his effort to depict the victim as a manipulative liar. We previously determined that the motion court's finding that this was a reasonable trial strategy was not clearly erroneous. Point denied.

■ In his third point, the defendant asserts that the motion court erred in denying his motion for post-conviction relief because his trial counsel had been ineffective in that

---

**2.** Although not in effect at the time of this trial, such evidence of prior sexual misconduct towards the victim is now admissible in certain situations to demonstrate the defendant's propensity to commit the crime with which he is charged under § 566.025, RSMo 1994. This provision, which went into effect January 1, 1995, provides:

> In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age, whether or not age is an element of the crime

for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

he failed to present evidence that the victim had been raped by another family member and that the victim was sexually active.

The motion court found that the purpose of this evidence would have merely been to impeach the victim's credibility after she testified that she had never had sexual intercourse with anyone other than the defendant. This finding is not clearly erroneous because, at most, this testimony would have demonstrated that the victim had sexual contact with others in addition to the defendant, contrary to the victim's testimony. It would not have negated the charge that the defendant raped her and, thus, did not provide a viable defense.

The defendant's argument that the purpose of this evidence was to provide an alternative theory to explain why the victim had no hymen and how she had contracted a sexually transmitted disease is also without merit. Counsel introduced through the testimony of the defendant and the victim's sister evidence of the victim's sexual reputation as promiscuous. This testimony went to rebut the hymen and sexually transmitted disease arguments. Because cumulative evidence cannot form the basis of an ineffective assistance of counsel claim, the motion court was correct to deny the defendant's Rule 29.15 motion. *See Henderson v. State,* 770 S.W.2d 422, 423 (Mo.App.1989). Point denied.

In his fourth and final point, the defendant contends that the trial court plainly erred in allowing the State to introduce evidence of uncharged crimes against the victim through the testimony of the victim, Ms. Hancik, and the SAFE exam report. He also asserts that the trial court plainly erred in permitting the State to discuss this evidence during closing argument.

The doctrine of plain error is to be used sparingly. *State v. Koonce,* 731 S.W.2d 431, 442 (Mo.App.1987). Under the plain error doctrine, the defendant bears the burden of proving that the trial court's error so substantially violated the defendant's rights that manifest injustice or a miscarriage of justice would result if the error is left uncorrected. *State v. Parker,* 886 S.W.2d 908, 917 (Mo.1994), *cert. denied,* —

U.S. ——, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995).

The evidence concerning prior uncharged acts of sexual misconduct between the defendant and the victim was admissible for the reasons stated in the first point of this appeal. As it was admissible there can be no showing of manifest injustice or a miscarriage of justice. Point denied.

The judgment of the trial court and the motion court's denial of the defendant's Rule 29.15 motion are affirmed.

All concur.