**STATE of Missouri, Respondent,**

v.

**Curtiss L. MOORE, Appellant.**

**No. ED 96039.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 2012.

---

6. References to Rules are to Missouri Supreme Court Rules (2012).

Richard H. Sindel, Clayton, MO, for appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Jefferson City, MO, for respondent.

## *OPINION*

CLIFFORD H. AHRENS, Presiding Judge.

Curtiss Moore (Defendant) appeals from the judgment of the trial court entered after a jury convicted him of first-degree child molestation involving his then 6 year-old granddaughter. We affirm.

### Background

For the anonymity of the minor victim and her family, we refer to the principal parties by relationship, to wit: Victim, her Mother, her Father, his Girlfriend, Victim's paternal Grandmother, and Defendant, who is Victim's paternal grandfather. Victim was born in January 2002. Her Mother and Father separated in November of that year and later divorced.

In the summer of 2008, Victim disclosed to Mother that Defendant had been kissing her inappropriately, "in a way that he would kiss his wife." Mother called the police, who investigated but determined that no crime had been committed. In December of that year, while Defendant was babysitting Victim alone at the residence he shares with Grandmother, Defendant placed his hand on Victim's stomach, slid his hand down beneath her underwear, and touched Victim's genitals. Victim diverted him by asking for a sandwich. He made her give him a kiss on the mouth and then went into the bathroom, smoked a cigarette, and then made a sandwich. Victim disclosed the incident to Mother and also disclosed an earlier incident that occurred at Great–Grandmother's home while sharing a bedroom with Grandmother and Defendant. That time, while Victim was sleeping between her grandparents, Defendant rolled over and, using his hand, placed his penis in Victim's hand. Victim removed herself by getting up and going into the bathroom.

Mother promptly obtained an order of protection against Defendant on Victim's behalf and later took Victim to a child advocacy center for a forensic interview, the videotape of which was played at trial. Concurrently, Defendant was interviewed by Detective Duryea of the Lincoln County Sheriff's Department. Defendant denied any inappropriate touching but conceded that some accidental touching might have occurred during wrestling or tickling. He also claimed that Victim had initiated the contact, and he didn't see a problem with long kisses on the mouth. Grandmother would later testify that Victim placed her hand on Defendant's penis over the sheets and pulled Defendant's hand under her pajama pants, and that Victim often requested belly rubs due to stomach aches, necessitating that they unbutton her pants.

The State charged Defendant with first-degree child molestation for the December incident where he touched Victim's genitals. The jury rendered a verdict of guilty, and the trial court sentenced Defendant to five years in prison. Additional facts are provided below as relevant to the issues on appeal.

## Issues and Analysis

### I. *Exclusion of Witnesses/Public Trial*

Before the jury was seated, defense counsel invoked the rights of Father and Grandmother, as family members of a minor victim, to be present during the trial despite their status as witnesses for the defense. The State objected and moved that they be excluded from the courtroom as were all other witnesses. The trial court denied counsel's request and excluded Father and Grandmother from the courtroom but made arrangements for them to hear proceedings via sound system in a conference room. Given the animosity between the two sides of Victim's family, the court made similar arrangements for Mother and her mother to listen to proceedings from a separate room. Victim was the first witness called to testify, and Father and Grandmother missed much of her testimony due to a technical oversight with the audio equipment. Defense counsel complained and moved for a mistrial. The trial court denied the motion but ensured that the equipment was functioning properly going forward.

Defendant contends that the trial court erred by excluding Father and Grandmother from the courtroom because, as members of the victim's family, they had a right to be present, and their absence resulted in a violation of Defendant's right to a public trial. Whether a defendant's right to a public trial has been violated is a question of law that this court reviews *de*

*novo. State v. Williams,* 328 S.W.3d 366, 369 (Mo.App.2010).

■ Defendant's argument, while creative, conflates two separate rights, of which only one inures to him. Article I, section 32, of the Missouri Constitution entitles crime victims (including family members of a minor victim, § 595.200(6) RSMo) to be present at all proceedings where the defendant is also entitled to be present. But Defendant provides no authority for the premise that *he* has standing to assert Father's and Grandmother's right to be present at trial. Our research suggests the contrary. In *State ex rel Goldesberry v. Taylor,* 233 S.W.3d 796 (Mo.App.2007), the defendant sought, under Rule 29.07(d), to withdraw his guilty plea and have his conviction set aside based on a "manifest injustice" consisting of a violation of the *victim's* right to be present. The appellate court rejected this strategy, observing that "the 'manifest injustice' considered in the calculus is with regard to the *defendant's* rights." *Id.* at 799. (emphasis added). Moreover, the plain language of the victim's rights provision specifies that it is not intended to benefit defendants: "Nothing in this section shall be construed to authorize a court to set aside or to void a finding of guilt ..." Mo. Const. art. I, sec. 32.4. In sum, Defendant cannot assert Father's and Grandmother's right to be present at trial as a basis for his own prejudice.

■ What is left, then, is Defendant's own right to a public trial, but the record here clearly belies Defendant's suggestion that his trial wasn't public. In fact, Defendant concedes that as many as 25 individuals were in the audience. The exclusion of Father and Grandmother is not synonymous with closure of the trial to the public. Defendant's first point lacks merit and is denied.

## II. Evidence of Prior Contact

Throughout the trial, various State's witnesses testified about the earlier incident when Defendant placed his penis in Victim's hand. Defense counsel objected on the basis that the testimony involved an uncharged prior bad act and hence was inadmissible. The State argued that the testimony was admissible to prove intent, motive, and lack of mistake or accident. The trial court overruled the objection and allowed the testimony. Defendant contends that the court erred.

■ A trial court's decision to admit evidence is reviewed for an abuse of discretion. *State v. Reed,* 282 S.W.3d 835, 837 (Mo. banc 2009). The trial court has broad leeway, and its discretion will not be disturbed unless it is "clearly against the logic of the circumstances." *Id.* Generally, evidence of prior bad acts is not admissible unless it has a tendency to establish the defendant's guilt of the charged offense. *State v. Primm,* 347 S.W.3d 66 (Mo. banc 2011). Exceptionally, however, such evidence may be admissible to establish motive, intent, the absence of mistake or accident, a common scheme or plan, or identity. *Id.* In his brief, Defendant argues essentially that the prosecution fabricated a factual dispute over Defendant's intent in order to invoke this exception to the propensity rule. In response, the State cites to portions of the record where Defendant, while denying any wrongdoing, indicated to Detective Duryea that an accidental touching might have occurred. Our review of the record confirms that the factual issue of intent or accident existed. Moreover, the State was required to prove Defendant's purpose of sexual gratification as an element of its case, and ample Missouri precedent holds that evidence of prior sexual conduct by a defendant toward a child victim is admissible to establish motive, specifically the satisfaction of the de-

fendant's sexual desire for the victim. *Id.* Guided by Missouri precedent and given the record before us, we cannot say that the trial court abused its discretion by admitting testimony of the earlier contact. Point II is denied.

### III. *Juror 11*

One morning during the trial, as jurors were being escorted to the jury room, Juror 11 spotted an acquaintance, Karen, sitting outside the courtroom. Karen was Victim's school counselor and had come to observe the proceedings. A brief exchange occurred (Q: "Hi. What are you doing here?" A: "I'm just visiting."), after which deputies instructed the women not to speak further, and Juror 11 was ushered toward the jury room. One of the deputies reported the incident to the court, which received the deputies' sworn statements with counsel present (and the jury absent). The deputies confirmed that there was no discussion of the case, and the jury was secured in the jury room by the time Victim arrived and interacted with Karen several minutes later. Defense counsel acknowledged that it was harmless and had "no issue with anything" at the time. However, at the end of the trial, counsel requested the removal of Juror 11, but the trial court denied that request. Defendant submits that the trial court erred by failing to question or strike Juror 11.

Trial court decisions regarding alleged juror misconduct will not be disturbed on appeal absent a finding of abuse of discretion. *State v. Hicks,* 959 S.W.2d 119, 122 (Mo.App.1997). A trial court will be found to have abused its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* If rea-sonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Id.*

The purpose of the rule against communications between jurors and third parties is to prevent the jury from receiving information about the case that is not part of the evidence in the record. *State v. Raspberry,* 452 S.W.2d 169 (Mo.1970). We find instruction in *State v. Hicks,* 959 S.W.2d 119 (Mo.App.1997). There, two jurors had a conversation, during a recess, with a police chief who was a State's witness. (One simply asked the chief whether his mother was still alive.) The trial court determined that they didn't discuss the case, so there was no basis for a mistrial, and the court declined to strike either juror. The appellate court affirmed, noting that the defendant "failed to present any evidence identifying the topic of conversation or any other evidence tending to prove juror misconduct or prejudice." *Id.* at 123.

The facts here are even less compelling than in *Hicks.* The exchange between Juror 11 and Karen was extremely brief and swiftly terminated. There was no discussion of the case, and the jury was secured elsewhere by the time Victim and Karen could have been seen together. Furthermore, unlike the police chief in *Hicks,* Karen was not a State's witness but merely an observer. When the encounter was brought to the attention of the trial court, defense counsel had "no issue" with it. We find no abuse of discretion by the trial court on this record. Point III is denied.

### IV. *Discovery Sanction*

Prior to trial, defense counsel failed to respond to the State's requests for discovery despite a formal request and a motion to compel, which the trial court granted.

So, when counsel called Father's former Girlfriend as a witness, the State objected and asked that she be excluded on the basis that she had not been disclosed as a witness.[1] Counsel responded that the State's pre-trial discovery request was invalid because it was sent via facsimile. The court reminded counsel of its order to compel and ultimately excluded the witness. Counsel made an offer of proof indicating that Girlfriend would have testified that Victim frequently demanded belly rubs, kissed people on the lips, and sought to insert herself in bed or in the shower with Father and Girlfriend. Defendant urges that the trial court erred by barring Girlfriend's testimony.

In general, the decision to exclude evidence as a sanction for the violation of discovery rules is left to the discretion of the trial court. *State v. Hopper*, 315 S.W.3d 361, 366 (Mo.App.2010). This sanction should be used sparingly against a criminal defendant in light of the trial court's duty to ensure a fair trial by allowing the defendant to present a complete defense. *Id.* Reversal is warranted where the court's action "resulted in fundamental unfairness to the defendant." *Id.* at 368.

To determine whether the trial court's action was fundamentally unfair to Defendant, our inquiry centers first on the harm to the State as a result of the discovery violation. *Id.* at 369. Here, the State suffered harm in the form of unfair surprise. Despite multiple informal requests, one formal request, and a successful motion to compel, which defense counsel ignored, the State had no notice of Girlfriend's existence or intended testimony and hence no opportunity to prepare for objections and cross-examination. Exclusion of a witness may be proper when no reasonable justification is given for the failure to disclose the witness. *Id.* at 370. Counsel's complaint that the State sent its request via facsimile does not constitute reasonable justification for nondisclosure on this record. Counsel was clearly aware of his responsibility.

Next, our inquiry examines the prejudice to the defendant as a result of the exclusion of the testimony, considering the nature of the charge, the evidence presented, and the role of the excluded evidence in the defense's theory. *Id.* at 169–170. We are not persuaded that Girlfriend's testimony—*i.e.,* that Victim, then age 6, liked belly rubs and desired to sleep and bathe with adult family members—was essential to Defendant's case or that its absence hindered Defendant's ability to present a complete defense.[2] We find no abuse of discretion in the trial court's sanction. Point IV is denied.

### Conclusion

The judgment is affirmed.

ROY L. RICHTER and GARY M. GAERTNER, JR., JJ., concur.

---

1. The prosecutor had not objected to other witnesses because they were also endorsed as State's witnesses.

2. Moreover, at least some of this evidence was cumulative, as Grandmother had already testified that Victim often demanded belly rubs.