STATE of Missouri, Plaintiff–
Respondent,

v.

Delbert F. GLOVER, Defendant–
Appellant.

No. SD 31776.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 17, 2013.

Matthew Ward, Ellen H. Flottman, Samuel Buffaloe, Columbia, for Appellant.

Chris Koster (Attorney General), Jennifer A. Rodewald, for Respondent.

NANCY STEFFEN RAHMEYER, J.

Delbert F. Glover ("Appellant") appeals his conviction of three counts of first-degree statutory sodomy in violation of section 566.062.[1] On appeal, Appellant argues the trial court abused its discretion in admitting evidence of uncharged acts of sexual misconduct committed against the victim in other jurisdictions. We affirm the judgment of the trial court.

### Standard of Review

The trial court is afforded broad discretion in choosing to admit evidence at trial. *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). We review the trial

---

1. All statutory references are to RSMo Cum. Supp.2006, unless otherwise indicated.

court's ruling on the admission of evidence for an abuse of discretion and will reverse " 'when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration.' " *Id.* (quoting *State v. Gonzales,* 153 S.W.3d 311, 312 (Mo. banc 2005)). Additionally, we review such decisions for prejudice and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Mack,* 301 S.W.3d 90, 94 (Mo.App. S.D.2010).

## Procedural Background

Appellant has not challenged the sufficiency of the evidence and, therefore, we limit our discussion to only those facts necessary to the disposition of the point raised on appeal. A jury found Appellant guilty of three counts of first-degree statutory sodomy for events that transpired when Appellant, a semi-truck driver, took his twelve-year-old step-daughter ("the victim") with him on a business trip to California. The crimes for which Appellant was charged occurred in the parking lot of a truck stop located near Joplin. The trial court sentenced Appellant for twenty-seven years imprisonment for each count, to run concurrently.

There was evidence that Appellant had committed previous acts of sexual misconduct against the victim while on the week-long trip. Appellant filed a motion in limine to limit the State's evidence regarding uncharged criminal activity and, prior to trial, the judge ruled that the State could only limitedly inquire into the sexual contact that occurred in other jurisdictions to show that Appellant had prior sexual contact with the victim. At trial, the State elicited testimony from the victim, over objection, that something "inappropriate" of a sexual nature occurred in California and Texas. The trial court also admitted, over objection, a tape recording of a police interview with Appellant, taken after he was transported to jail, during which Appellant detailed some of the contact that had taken place on the trip and admitted that he had gone too far with the victim.

Appellant now challenges that the trial court abused its discretion in admitting this evidence of uncharged crimes because it was offered to show Appellant's propensity to commit the crimes with which he was charged and its prejudicial impact outweighed any probative value.

## Analysis

■■■■ "The general rule is that evidence of prior uncharged misconduct is not admissible for the purpose of showing the propensity of the defendant to commit such crimes." *State v. Hawkins,* 328 S.W.3d 799, 812 (Mo.App. S.D.2010). Propensity to commit a crime is not a proper purpose for admission because it may encourage the jury to convict the defendant without regard as to whether he is actually guilty of the crime charged. *State v. Brede,* 198 S.W.3d 645, 648 (Mo.App. S.D. 2006). Such evidence may be admissible to prove motive, intent, the absence of mistake or accident, a common plan or scheme, or identity of the person charged with committing the crime. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). Evidence of uncharged crimes may also be admissible where the uncharged misconduct is part of the circumstances or sequence of events surrounding the offense charged. *Brede,* 198 S.W.3d at 648.

■■■■ Evidence of prior misconduct is only admissible if both logically and legally relevant. *Bernard,* 849 S.W.2d at 13. Evidence is logically relevant if "it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial[.]" *Id.* Evidence is legally relevant if the probative value outweighs its prejudicial effect. *Id.* This balancing of

effect and value rests within the sound discretion of the trial court. *Id.*

■ Appellant was charged with three counts of first-degree statutory sodomy, which is defined as "deviate sexual intercourse with another person who is less than fourteen years old." Section 566.062.1. "Deviate sexual intercourse" occurs when there is sexual contact "for the purpose of arousing or gratifying the sexual desire of any person[.]" Section 566.010(1). Therefore, as part of its burden at trial, the State was required to prove, beyond a reasonable doubt, that Appellant's sexual contact with the victim was for the purpose of arousal or gratifying his sexual desire. As our Supreme Court recently noted, numerous Missouri courts have held that in crimes involving sexual misconduct against a child, " 'prior sexual conduct by a defendant toward the victim is admissible as it tends to establish a motive, that is satisfaction of defendant's sexual desire for the victim.' " *State v. Primm,* 347 S.W.3d 66, 70 (Mo. banc 2011) (quoting *State v. Thurman,* 272 S.W.3d 489, 495 (Mo.App. E.D.2008)); *see also State v. Moore,* 366 S.W.3d 647, 651–52 (Mo.App. E.D.2012); *State v. Barrett,* 41 S.W.3d 561, 563–64 (Mo.App. S.D.2001); *State v. Dudley,* 880 S.W.2d 580, 583 (Mo. App. E.D.1994).

■ The evidence was properly admissible for the purpose of proving the absence of mistake or accident and Appellant's motive for the sexual contact. During the tape-recorded interview on the night he was taken into custody, Appellant maintained that the contact between his mouth, fingers, and penis and the victim's vagina occurred accidentally, while he was sleeping or when he was trying to push the victim off of him. But in the same interview, he admitted to previous intentional sexual contact on the previous night. At trial, officers also testified that Appellant admitted to the contact at the truck stop. Because there was a factual question as to whether Appellant's sexual contact with the victim on the night of the crimes charged was intentional or accidental, the victim's testimony and the tape recording were admissible to show the absence of accident—that Appellant had engaged in *intentional* sexual misconduct with the victim on previous nights during the trip. *See Moore,* 366 S.W.3d at 651.

■ Furthermore, Appellant has not shown how he was prejudiced by the evidence's admission. Prior to being taken into custody, Appellant admitted to having sexual contact with the victim on previous occasions. He also told officers that "it was time to get a new girlfriend." Those officers testified at trial that Appellant admitted to them at the truck stop that he and the victim had engaged in sexual intercourse that evening and that he had engaged in intentional sexual contact with the victim. The victim also testified about the details of the alleged sexual misconduct that took place on the night of the crimes charged. In light of the evidence against Appellant, we cannot say Appellant was prejudiced by the admission of evidence about the sexual misconduct in other jurisdictions.

The trial court did not abuse its discretion in admitting the victim's testimony and the tape recording of Appellant's interview in custody. Appellant's point is denied; the judgment of the trial court is affirmed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., Concur.