

# Missouri Court of Appeals

### Southern District

### In Division

STATE OF MISSOURI,                    )
                                       )
                    Respondent,        )
                                       )   No. SD37951
         vs.                           )
                                       )   Filed:  June 11, 2024
JOHN A. SHUTTERS,                      )
                                       )
                    Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle Lee Crane, Judge

**<u>AFFIRMED</u>**

A jury found John A. Shutters ("Defendant") guilty of two counts of statutory sodomy in the first degree.  *See* section 566.062.[1]  Defendant was sentenced to consecutive sentences of 99 years of imprisonment on each count.

On appeal, Defendant asserts that (1) the trial court plainly erred in permitting the State to amend Count II of the information ("original information") because the amended information ("amended information") charged a different offense from the original charged offense, (2) the trial court abused its discretion in excluding Defendant's offer of proof that victims A.W. and N.W. did not seem afraid or fearful of Defendant, (3) the trial court erred in overruling

---

[1] All statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017. All rule references are to Missouri Court Rules (2022).

Defendant's foundation objections to the admission of two of the State's exhibits, (4) the trial court plainly erred in failing to *sua sponte* exclude testimony from A.W. and N.W. detailing prior uncharged sexual misconduct committed against them by Defendant, and (5) the trial court plainly erred in failing to appoint counsel for Defendant at his first appearance because Defendant's first appearance was also his arraignment and a "critical stage" of the proceedings. Finding no merit in Defendant's points, we affirm the trial court's judgment.

## Factual Background and Procedural History

In 2020, A.W. and N.W. lived with their mother ("Mother"), Defendant (their step-father), and their brother. On February 15, 2020, A.W. and N.W. told Mother Defendant had sexually abused them. An investigator for the Child Advocacy Center subsequently interviewed them and a warrant was issued for Defendant's arrest.

Defendant's initial appearance was on February 24, 2020. A docket entry indicated that Defendant was "formally arraigned" and was advised of the right to retain counsel, the right to request the appointment of counsel if unable to retain counsel, and the right to remain silent. Defendant was informed that any statement he made may be used against him. Defendant pled not guilty and indicated that he intended to "apply for the public defender."

On May 7, 2020, the State filed the original information which charged Defendant in Count I with first-degree statutory sodomy under section 566.062 against N.W. In Count II the State charged Defendant as follows:

> The Prosecuting Attorney of the County of Jasper, State of Missouri, upon information and belief, charges that [D]efendant, in violation of Section 566.067, RSMo, committed the class A felony of child molestation in the first degree, punishable upon conviction under Sections 558.011, and 566.067, RSMo and subject to lifetime supervision under Section 217.735 and Section 559.106, RSMo, in that on or about February 11, 2020, in the County of Jasper, State of Missouri, [D]efendant, for the purpose of arousing or gratifying the sexual desire of himself subjected A.W. who was then less than twelve years old to sexual

2

contact by licking her genitals . . . *[i]n the alternative* violated Section 566.062, RSMo, committed the felony of statutory sodomy in the first degree, punishable upon conviction under Section 566.062, RSMo, and subject to lifetime supervision under Sections 217.735 and 559.106, RSMo, in that on or about February 4, 2020, in the County of Jasper, State of Missouri, [D]efendant for the purpose of arousing or gratifying the sexual desire of himself knowingly had deviate sexual intercourse with A.W., who was then a child less than twelve, by licking her genitals with his tongue.

The State subsequently filed the amended information. Count II of the amended information eliminated the language containing the allegation of first-degree child molestation and kept the alternative charge of first-degree statutory sodomy against A.W. Defendant did not object to the amended information.

Defendant filed two motions to endorse 11 witnesses. Prior to trial, the State filed a motion to exclude anticipated testimony from Defendant's witnesses regarding their personal opinions of Defendant and conclusions drawn from interactions they witnessed between Defendant, A.W. and N.W.

The matter proceeded to trial on January 11, 2023. A.W. and N.W. testified that Defendant sexually abused them. N.W. testified that "it started when [she] was five" and "[she] and [A.W.] were both scared." A.W. and N.W. also testified regarding prior uncharged sexual conduct Defendant committed against them, including instances where Defendant made N.W. perform oral sex on him, touched A.W.'s genitals, and made both N.W. and A.W. perform oral sex on each other. Defense counsel did not object to this testimony.

A hearing on the State's motion to exclude testimony from Defendant's witnesses was conducted at trial outside the presence of the jury. Defense counsel announced he planned to call witnesses to testify about "interactions they witnessed between [D]efendant and the two alleged victims." Defense counsel argued that testimony indicating A.W. and N.W. did not "seem scared around him" should be admissible to impeach N.W.'s testimony that she and A.W. were

3

scared of Defendant. Defense counsel stated, "I think the testimony is that they were scared of him. And I think we can elicit testimony to say that at the time she never seemed afraid or was never one to try to be away from him." The trial court ruled that witness testimony concluding that A.W. and N.W. did not appear scared was inadmissible. During this discourse, defense counsel did not name the witnesses he intended to call, identify which of the 11 witnesses endorsed in his motions would testify that the victims never seemed afraid or scared, or include any further information about their testimony. Defense counsel later called Defendant's brother and former wife and both testified that they observed A.W. and N.W. living with Defendant. During their testimony Defendant did not request to make an offer of proof regarding any conclusions they might have drawn from their observations.

A.W. and N.W. participated in recorded forensic interviews prior to trial, which were offered as State's Exhibits 13 and 14, respectively. Defense counsel objected, arguing that the interviews would be "repetitive" of the trial testimony of A.W. and N.W. The trial court overruled the objection and the exhibits were received into evidence and "played" for the jury.

The jury found Defendant guilty on both counts of first-degree statutory sodomy. Defendant filed a motion for new trial alleging that the trial court erred in permitting the State to "play" Exhibits 13 and 14 for the jury because they were "duplicative and bolstered the testimony of N.W. and A.W."

**Standard of Review**

"Generally, this Court does not review unpreserved claims of error." *State v. Brandolese*, 601 S.W.3d 519, 525 (Mo. banc 2020). However, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "The plain error rule is

4

to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *Brandolese*, 601 S.W.3d at 526 (internal quotation marks omitted). Plain error review involves a two-step analysis:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*State v. Boyd*, 659 S.W.914, 926 (Mo. banc 2023) (internal quotation marks omitted). Conversely, if there is no facial showing of manifest injustice or miscarriage of justice, appellate courts should decline to exercise plain error review. *Brandolese*, 601 S.W.3d at 526.

## Discussion

### *Point One*

Defendant asserts the trial court plainly erred[2] in permitting the State to amend the original information because Count II of the amended information charged a different offense and prejudiced Defendant's substantial rights. Because the State charged Defendant in the original information with first-degree child molestation and charged first-degree statutory sodomy "in the alternative" in the same count, Defendant argues his substantial rights were prejudiced because the State was required to charge alternative offenses in different counts.

Under Rule 23.08, "[a]ny information may be amended or an information may be substituted for an indictment at any time before verdict or finding if: (a) [n]o additional or different offense is charged, and (b) [a] defendant's substantial rights are not thereby

---

[2] Defendant states the standard of review for Point One is abuse of discretion, but further states in the preservation statement that the claim was not raised below. Although Defendant alleges that a claim that the information is insufficient to charge Defendant may be raised for the first time on appeal, Defendant argues instead that the information charged a different offense, not that the information was insufficient.

5

prejudiced." "This rule is written in the *conjunctive* thereby requiring that an information may only be amended if it charges no additional or different offense and is not prejudicial to the defendant's substantial rights." ***State v. Nelson***, 505 S.W.3d 437, 442 (Mo.App. 2016) (internal quotation marks omitted).

Defendant cannot demonstrate that an additional or different offense was charged in the amended information. The original information charged first-degree child molestation and charged first-degree statutory sodomy in the alternative, and the amended information elected to proceed on the alternative charge of first-degree statutory sodomy. The amended information did not charge any new offenses.

Defendant argues that pursuant to Rule 23.02(h) an information charging alternative offenses must charge the alternative offenses in separate counts. Defendant asserts that even though Count II of the original information charged first-degree statutory sodomy in the alternative to first-degree child molestation, that charge must be regarded as "surplusage" under Rule 23.02(h) because it was charged in the same count.

Under Rule 23.02(h), "[a]n indictment or information charging different offenses in the alternative shall state that the offense charged in the later count is charged in the alternative to the offense charged in the specified earlier count." In interpreting this rule:

> [The] primary rule of interpretation is to apply the plain language of the rule at issue. The Missouri Supreme Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule. If the intent is clear and unambiguous by giving the language used its plain and ordinary meaning, then this [c]ourt is bound by that language and there is neither need nor reason to apply any other rule of construction in interpreting the rule.

***King v. Sorensen***, 532 S.W.3d 209, 215 (Mo.App. 2017) (internal quotation marks omitted). The plain and ordinary language of the rule does not require alternative offenses to be charged in different counts. Rather, the plain language of the rule indicates that when one offense is

6

charged in the alternative to another offense, and both offenses are in different counts, the information must state that the latter offense is charged in the alternative to the former offense. Because no prohibition against charging two offenses in the alternative in the same count exists in the rule, the charge of first-degree statutory sodomy in the original information cannot be regarded as surplusage. Thus, both the original and amended information charged Defendant with first-degree statutory sodomy for the same conduct and no additional or different offense was alleged in the amended information.

Defendant likewise cannot demonstrate that his substantial rights were prejudiced. "The test for prejudice under Rule 23.08 is (1) whether a defense to the charge as originally made would be equally available after the amendment, and (2) whether the defendant's evidence would be equally applicable after, as well as before, the amendment." *Nelson*, 505 S.W.3d at 443 (internal quotation marks omitted). Both the original and amended information referred to the same statutory references for first-degree statutory sodomy and contained all of the essential elements for the offense. Because both the original and the amended information referred to the exact same charge arising from the exact same conduct, Defendant's defenses and evidence would be equally available both before and after the amendment. Because Defendant cannot demonstrate that his substantial rights were prejudiced, his claimed error does not "facially establish[] substantial grounds for believing that manifest injustice or miscarriage of justice has resulted," *Woods*, 357 S.W.3d at 254 (internal quotation marks omitted). Thus, we decline to engage in plain error review of point one.

### *Point Two*

Defendant next asserts the trial court abused its discretion in excluding testimony of Defendant's witnesses indicating that A.W. and N.W. did not appear afraid or scared of

7

Defendant. Defendant argues that the witnesses' testimony would have impeached N.W.'s testimony that she and A.W. were afraid of Defendant and would be relevant and probative to N.W.'s credibility.

However, defense counsel did not make a specific and definite offer of proof at trial. The requirements for a sufficient offer of proof are well-established:

> An offer of proof is required to demonstrate to the circuit court what the rejected evidence would show, educating the circuit court as to the admissibility of the proffered testimony, and allowing the circuit court to consider the testimony in context. Offers of proof must show what the evidence will be, the purpose and object of the evidence, and each fact essential to establishing admissibility.

*State v. Michaud*, 600 S.W.3d 757, 761-62 (Mo. banc 2019) (internal citation and quotation marks omitted). "The offer of proof must demonstrate the relevancy of the offered testimony, must be specific, and must be definite." *State v. Murphy*, 534 S.W.3d 408, 415 (Mo.App. 2017). As in *Murphy*,

> The preferred method for making an offer of proof is to question the witness outside the presence of the jury. Although some Missouri courts have allowed counsel to make the offer in narrative form, it is more difficult for counsel to present a detailed and specific summary of a witness's testimony without presenting conclusions of counsel. Mere conclusions of counsel will not suffice. Therefore, when counsel uses the narrative offer of proof he or she runs a greater risk that the court will find the offer insufficient.

*Id*. at 415 (internal citations and quotation marks omitted).

At the hearing on the State's motion, defense counsel stated that he was planning to call witnesses to testify about "interactions they witnessed between the Defendant and the two alleged victims." Defense counsel stated, "I think the testimony is that they were scared of him. And I think we can elicit testimony to say that at the time she never seemed afraid or was never one to try to be away from him." Yet defense counsel did not name the witnesses he intended to call, identify which of the 11 witnesses he endorsed prior to trial would testify that the victims never seemed afraid or scared, or include any further information about their testimony. Further,

8

defense counsel did not present a detailed and specific summary of any witness's testimony, only a general presentation of the subject area that he thought his witnesses might describe in further detail. In the absence of a specific and definite offer of proof, Defendant's point on appeal is unpreserved and we may only review, if at all, for plain error.

Without a specific and definite offer of proof, the record on this point is insufficiently developed to educate the reviewing court as to the content and admissibility of the excluded testimony. "Although an appellate court has complete discretion on whether to review an unpreserved matter for possible plain error," the absence of a fully developed record on this point justifies the court's decision to deny plain error review. *See **State v. Yoakum***, 668 S.W.3d 327, 331 (Mo.App. 2023) (internal quotation marks omitted).

Accordingly, we decline to engage in plain error review of point two.

### *Point Three*

Defendant asserts that the trial court erred in overruling his objection to the admission of State's Exhibits 13 and 14 because the State failed to lay an appropriate foundation under section 492.304 for their admission.

However, despite Defendant's assertion to the contrary, point three is also unpreserved on appeal. Defense counsel objected, stating that the exhibits would be "repetitive" of the trial testimonies of A.W. and N.W. In his motion for new trial, he asserted that the exhibits were "duplicative and bolstered the testimon[ies] of N.W. and A.W." Yet defense counsel did not object based on inadequate foundation or lack of foundation either at trial or in his motion for new trial.

Claims of inadequate foundation or lack of foundation will not be considered for the first time on appeal. "It is particularly important that where an inadequate foundation has been laid

9

for admission of evidence that the objection made be specific as such foundation deficiencies can frequently be remedied. We will not review the contention of inadequate foundation raised for the first time on appeal." *State v. Honsinger*, 386 S.W.3d 827, 829 (Mo.App. 2012) (internal quotation marks omitted). Failure to make a specific objection to the alleged lack of foundation justifies a denial of plain error review. *See State v. Tisius*, 362 S.W.3d 398, 407 (Mo. banc 2012).

We decline to engage in plain error review of point three.

### *Point Four*

Defendant asserts the trial court plainly erred in failing to *sua sponte* exclude the testimony of A.W. and N.W. detailing prior uncharged sexual conduct committed against them by Defendant. Defendant argues this evidence was impermissibly offered to show his propensity to commit the charged crimes against A.W. and N.W.

"The general rule is that evidence of prior uncharged misconduct is not admissible for the purpose of showing the propensity of the defendant to commit such crimes." *State v. Glover*, 389 S.W.3d 299, 301 (Mo.App. 2013) (internal quotation marks omitted). However, "[s]uch evidence may be admissible to prove motive, intent, the absence of mistake or accident, a common plan or scheme, or identity of the person charged with committing the crime." *Id*. "Numerous cases in Missouri involving sexual crimes against a child have held that prior sexual conduct by a defendant toward the victim is admissible as it tends to establish a motive, that is satisfaction of defendant's sexual desire for the victim." *State v. Primm*, 347 S.W.3d 66, 70 (Mo. banc 2011) (internal quotation marks omitted). The testimony of A.W. and N.W. detailed prior uncharged sexual conduct committed against them by Defendant and tended to establish a motive – Defendant's satisfaction of his sexual desire for A.W. and N.W. Further:

10

> Uninvited interference by the trial court in trial proceedings is generally discouraged because it risks injecting the court into the role of a participant and invites error. The trial court should take independent action only in the most unusual or exceptional circumstances. Thus, an appellate court will rarely find plain error where a trial court has failed to act *sua sponte* with regard to the proceedings.

*State v. Paine*, 631 S.W.3d 691, 694 (Mo.App. 2021)(internal quotation marks omitted).

Accordingly, the testimony of N.W. and A.W. detailing Defendant's prior sexual conduct were not unusual or exceptional circumstances requiring the trial court to take independent action. Since Defendant cannot establish that the "claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted," *see Woods*, 357 S.W.3d at 254 (internal quotation marks omitted), we decline to engage in plain error review of point four.

### *Point Five*

Defendant asserts the trial court plainly erred in failing to appoint counsel for Defendant under Rule 31.02. Defendant also argues his initial appearance on February 24, 2020, was his arraignment and a "critical stage" of the proceedings requiring the presence of counsel under the Sixth Amendment.

> The Supreme Court of Missouri has recently rejected both these arguments:

> Rule 31.02(a) expressly contemplates that a defendant may "be without counsel upon his first appearance." In such cases, the rule requires simply that the circuit court advise the defendant of his right to counsel and the court's willingness to appoint counsel if the defendant cannot afford one. The rule, however, does not require the circuit court to appoint counsel *at* the initial court appearance or suspend an initial appearance until counsel has been appointed.

*State v. Woolery*, 687 S.W.3d 652, 662 (Mo. banc 2024). At Defendant's initial appearance the trial court advised Defendant of the right to retain counsel, the right to request the appointment of counsel if unable to retain counsel, and the right to remain silent. The trial court was not required under Rule 31.02 to appoint counsel for Defendant at his initial appearance.

11

Further, Defendant's initial appearance[3] was not a "critical stage" triggering the Defendant's right to counsel under the Sixth Amendment. As the Supreme Court of Missouri noted in **Woolery**:

> The Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings. The United States Supreme Court has defined critical stages as proceedings between an individual and agents of the state, whether formal or informal, that amount to trial-like confrontations, at which counsel would help the accused in coping with legal problems or meeting his adversary. Critical stages are those pretrial procedures that would impair defense on the merits if the accused is required to proceed without counsel.

*Id.* at 663 (internal citations and quotation marks omitted). Because an initial appearance in Missouri does not "involve a trial-like confrontation," and the "absence of counsel at an initial appearance" would not "impair defense on the merits," an initial appearance is not a "critical stage" of the prosecution. *Id.* at 663-64. Because Defendant cannot demonstrate that the trial court's actions "facially establish[] substantial grounds for believing that manifest injustice or miscarriage of justice has resulted," **Woods**, 357 S.W.3d at 254, we decline to engage in plain error review of point five.

## Decision

The judgment of the trial court is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR
JEFFREY W. BATES, J. – CONCURS
JENNIFER R. GROWCOCK, J. – CONCURS

---

[3] Although Defendant asserts that his initial appearance was also his arraignment, under the Supreme Court's recent holding in *State v. Phillips*, it could not have been his arraignment because the original information was not filed until May 7, 2020, almost three months after Defendant's initial appearance. *State v. Phillips*, 687 S.W.3d 642, 647 (Mo. banc 2024). The docket entry indicating that Defendant was "formally arraigned" at his initial appearance does not change the nature of the proceeding.